IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

_____

SARAH and C. AARON BALLARD,  *
parents and next friends of  *
C.D.B., a minor,             *
                             *
     PLAINTIFFS,             *
                             *
VS.                          *    NO. 1:09-cv-218
                             *
TEVA PHARMACEUTICALS USA,    *
INC., f/k/a BIOCRAFT         *
LABORATORIES, INC., MORTON   *
GROVE PHARMACEUTICALS, INC.  *
WOCKHARDT USA, LLC and       *
WOCKHARDT LIMITED,           *
                             *
     DEFENDANTS.             *
_____

ORDER APPROVING MINOR'S SETTLEMENT OF PERSONAL INJURY CLAIMS
_____

This matter came before the Court upon Plaintiffs Sara and C. Aaron Ballard, as parents and next friends of C.D.B., the minor in the above-styled matter and Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") Joint Petition for Minor's Settlement. The parties consented to jurisdiction of Magistrate Judge Susan K. Lee on November 3, 2011 [Court Docket No. 91] and appeared before the Court for a hearing on the instant matter on December 15, 2011. Attorney Michael A. Anderson was present representing Plaintiffs. Attorney John R. McCann was present representing Teva. Upon the evidence heard in open court; statements of Plaintiffs and counsel for the respective parties

herein; and the entire record in this cause, from all of which it appears to the Court as follows:

The Court finds that it is in the best interest of the minor C.D.B. to keep the minor's health, personal, and financial information confidential and not publicly known, including, but not limited to, the amount and terms of the settlement. Furthermore, confidentiality of the settlement amount and terms is a term of the settlement agreement for which the parties specifically negotiated and which is an express term of the settlement agreement. Therefore, the Court finds good cause has been shown to place the Court's confidential findings pertaining to minor's settlement as well as certain orders made by this Court in a separate document that will be entitled "SEALED CONFIDENTIAL EX PARTE FINDINGS OF FACT REGARDING MINOR'S SETTLEMENT OF PERSONAL INJURY CLAIMS" and will be <u>placed under seal</u>. The entire contents of the document entitled "SEALED CONFIDENTIAL EX PARTE FINDINGS OF FACT REGARDING MINOR'S SETTLEMENT OF PERSONAL INJURY CLAIMS," including the terms of the confidential *Settlement Release and Covenant Not to Sue* that memorializes the parties' settlement, are incorporated by reference as if fully set forth herein.

Based on all of the foregoing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

**i)** The Parties' Joint Petition for Minor's Settlement is well taken and is granted.

**ii)** The Court finds that the compromise and settlement with Teva as set forth in the confidential *Settlement Release and Covenant Not to Sue* is fair and reasonable and in the best interest of the minor, C.D.B.; and the Court approves and confirms the compromise and settlement with Teva as set forth in the confidential *Settlement Release and Covenant Not to Sue*.

**iii)** The compromise and settlement with Teva as set forth in the confidential *Settlement Release and Covenant Not to Sue* shall be binding on the minor, C.D.B., as well as Sara Ballard and C. Aaron Ballard, individually and as parents, next friends, and natural and legal guardians of C.D.B., a minor.

**iv)** The Court waives the appointment of a Court-appointed guardian *ad litem* for C.D.B. as the Court finds Plaintiffs C. Aaron Ballard and Sara Ballard are the minor's parents, next friends, and natural and legal guardians and this waiver is appropriate and in the minor's best interests and welfare.

**v)** All liens, subrogation claims, liens, or interests, medical bills, costs, fees, expenses and obligations relating to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case shall be paid from the proceeds of this settlement, including, but not limited to, those from or made by BlueCross

BlueShield, any other subrogated insurance carrier, any healthcare provider or hospital, Medicare, Medicaid/TennCare, or any other governmental or private entity or insurer.

**vi)** Sara Ballard and C. Aaron Ballard, individually, and as parents, guardians, and next friends of C.D.B., a minor, shall be responsible for paying all liens, subrogation claims, liens, or interests, medical bills, costs, fees, expenses, and obligations relating to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case, including, but not limited to, those from or made by BlueCross BlueShield, any other subrogated insurance carrier, any healthcare provider or hospital, Medicare, Medicaid/TennCare, or any other governmental or private entity or insurer.

**vii)** Pursuant to T.C.A. § 71-5-117 and applicable regulations, Plaintiffs' counsel shall notify the State of Tennessee and shall hold the settlement funds in trust pending a resolution of any claim that Medicaid/TennCare and the State of Tennessee may have pursuant to T.C.A. § 71-5-117 and applicable regulations.

**viii)** The Court orders, and the Plaintiffs agree, that Defendant Teva shall pay the confidential settlement amount to Sara Ballard and C. Aaron Ballard, in their capacity as the natural and legal guardians and parents of C.D.B., a minor, *in*

*care of their counsel* Patrick, Beard, Schulman & Jacoway, P.C., and the settlement funds shall be deposited into Patrick, Beard, Schulman & Jacoway, P.C.'s Trust Account. The Court finds this to be in the best interest and welfare of the minor C.D.B.

**ix)** The Court orders, and the Plaintiffs agree, that once the confidential settlement amount has been delivered to Patrick, Beard, Schulman & Jacoway, P.C., Teva's obligations and liabilities concerning the payment of the confidential settlement amount shall be fully satisfied, released, and discharged. In addition, the Court orders, and the Plaintiffs agree, that Teva, and all entities related thereto shall be fully released and forever discharged from any liability of any nature whatsoever that is in any way connected with or arising out of or which could arise out of those matters set forth in the Amended Complaint to C.D.B., a minor; to Sara Ballard, individually and as parent, guardian and next friend of C.D.B., a minor; to C. Aaron Ballard, individually and as parent, guardian, and next friend of C.D.B., a minor; and to any other entity or party.

**x)** Sara Ballard and C. Aaron Ballard, the parents and natural guardians of C.D.B., a minor, request that this Court waive the appointment of a Court-appointed fiduciary, including, but not limited to, a Court-appointed fiduciary to manage the settlement funds for the minor, C.D.B. The Court has considered

5

Sara Ballard's and C. Aaron Ballard's request and waives the appointment of a Court-appointed fiduciary. The Court finds that Sara Ballard and C. Aaron Ballard are the parents, next friends, and natural guardians of the minor, C.D.B. The Court further finds it is appropriate and in the best interest and welfare of the minor child to waive the appointment of a Court-appointed fiduciary.

**xi)** Patrick, Beard, Schulman & Jacoway, P.C. shall hold the settlement funds in its Trust Account until the resolution and payment of all liens, subrogation claims, liens, or interests, medical bills, or other costs, fees, expenses or obligations related to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case, including, but not limited to, those from or made by BlueCross BlueShield, any other subrogated insurance carrier, Medicare, the State of Tennessee Medicaid/TennCare program, any healthcare provider or hospital, or any other governmental or private entity, or insurer. Patrick, Beard, Schulman & Jacoway, P.C. shall pay from the settlement funds all such liens, subrogation claims, interests, or liens, medical bills, or other costs, fees, expenses or obligations. The Court finds this to be fair and reasonable and in the best interest and welfare of the minor, C.D.B., and confirms, approves, and orders the same.

**xii)** The Court orders that <u>after</u> all liens, subrogation claims, interests, and liens, medical bills, or other costs, fees, expenses or obligations related to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case have been fully satisfied and paid from the settlement funds, Patrick, Beard, Schulman & Jacoway, P.C. shall distribute from its Trust Account the net settlement proceeds to Sara Ballard and C. Aaron Ballard, in their capacity as the natural and legal guardians and parents of the minor, C.D.B., on behalf of and for the benefit of C.D.B., subject to the following terms and restrictions: The Court orders that the net settlement proceeds <u>shall</u> be immediately invested on behalf of and for the benefit of the minor, C.D.B., by Sara Ballard and C. Aaron Ballard, the natural and legal guardians and parents of C.D.B., a minor, in an interest bearing account at SunTrust Bank, 1969 Northpoint Blvd. Hixson, TN 37343, an FDIC insured bank, <u>and held there</u> until the minor, C.D.B., reaches the age of eighteen (18) years. At that time, the settlement proceeds originally deposited in the account at SunTrust Bank and all accrued interest <u>shall</u> be paid to C.D.B.

The Court finds the use and distribution of the settlement funds as set forth in this Order to be fair and reasonable and in the best interest and welfare of the minor C.D.B. The Court

confirms, approves, and orders the use and distribution of the settlement funds as set forth in this Order.

**xiii)** The parties will submit a separate order dismissing this case with prejudice.

**xiv)** Each party shall bear its own attorneys' fees and costs.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE


DATE: January 17, 2012
