# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| SARAH and C. AARON BALLARD, | ) | |
| Parents and Next Friends of C.D.B., a Minor, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:09-CV-218 |
| | ) | |
| v. | ) | |
| | ) | Judge Lee |
| TEVA PHARMACEUTICALS, USA, INC. f/k/a | ) | |
| BIOCRAFT LABORATORIES, INC., and | ) | JURY DEMAND |
| MORTON GROVE PHARMACEUTICALS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER APPROVING MINOR SETTLEMENT

This matter came before the Court on December 15, 2011, upon the Joint Motion for

Court Approval of Settlement Between Plaintiffs and Morton Grove Pharmaceuticals, Inc.,

pursuant to Tenn. Code Ann. § 29-34-105. The parties consented to jurisdiction of Magistrate

Judge Susan K. Lee on November 3, 2011 [Court Docket No. 91] and appeared before the Court

for a hearing on the instant matter on December 15, 2011. Attorney Mike Anderson was present

representing Plaintiffs. Attorney Christina Mack was present representing Morton Grove

Pharmaceuticals, Inc. ("MGP"). Attorney Robert O'Malley, also representing MGP, was present

via telephone.

## I.    Evidence

The Affidavits and Amended and Supplemental Affidavits of Sara Ballard and C. Aaron

Ballard have been filed with the Court and, among other things, attest to the parents' belief that

this settlement is reasonable and in the best interest of C.D.B., a minor. The Affidavit and

Supplemental Affidavit of Mike Anderson, who is Plaintiff's' attorney, has been filed with the Court and, amongst other things, attests to his belief that this settlement is reasonable and in the best interest of C.D.B., a minor. In addition, the Court heard testimony from Sara Ballard, C. Aaron Ballard, and C.D.B. at the hearing held on December 15, 2011. The Court also heard statements by attorneys for Plaintiffs and Defendants at the hearing on December 15, 2011. The Court has reviewed the Joint Motion for Court Approval; the Affidavits and Amended and Supplemental Affidavits of Sara Ballard and C. Aaron Ballard; the Affidavit and Supplemental Affidavit of Mike Anderson; the General Release, Settlement, and Confidentiality Agreement; and all pertinent portions of the record including the pleadings.

## II.    Confidential Findings Pertaining to Minor's Settlement (To Be Sealed)

The Court finds that it is in the best interest of the minor C.D.B. to keep the minor's health, personal, and financial information confidential and not publicly known, including, but not limited to, the amount and terms of the settlement. Furthermore, confidentiality of the settlement amount and terms is a term of the settlement agreement for which the parties specifically negotiated and which is an express term of the settlement agreement. Therefore, the Court finds good cause has been shown to place the Court's confidential findings pertaining to minor's settlement as well as certain orders made by this Court in a separate document that will be entitled "SEALED Court's Confidential Findings Pertaining to Minor's Settlement" and will be placed under seal. The entire contents of the document entitled "SEALED Court's Confidential Findings Pertaining to Minor's Settlement" are incorporated by reference as if fully set forth herein.

23027_00/1101/CLM-1175888_11

## III.    Conclusion

Based on all of the foregoing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

**1.** The Joint Amended Motion for Court Approval of Settlement Between Plaintiffs and Morton Grove Pharmaceuticals, Inc. is well taken and is granted.

**2.** The Court finds that the compromise and settlement with MGP as set forth in the General Release, Settlement, and Confidentiality Agreement is fair and reasonable and in the best interest of the minor, C.D.B.; and the Court approves and confirms the compromise and settlement with MGP as set forth in the General Release, Settlement, and Confidentiality Agreement.

**3.** The compromise and settlement with MGP as set forth in the General Release, Settlement, and Confidentiality Agreement shall be binding on the minor, C.D.B., as well as Sara Ballard and C. Aaron Ballard, individually and as parents, next friends, and natural and legal guardians of C.D.B., a minor.

**4.** The Court waives the appointment of a Court appointed guardian *ad litem* for C.D.B. as the Court finds Plaintiffs C. Aaron Ballard and Sara Ballard are the minor's parents, next friends, and natural and legal guardians and this waiver is appropriate and in the minor's best interests and welfare.

**5.** All liens, subrogation claims, liens, or interests, medical bills, costs, fees, expenses and obligations relating to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case shall be paid from the proceeds of this settlement, including, but not limited to, those from or made by BlueCross

23027_00/1101/CLM-1175888_11

BlueShield, any other subrogated insurance carrier, any healthcare provider or hospital, Medicare, Medicaid/TennCare, or any other governmental or private entity or insurer.

6. Sara Ballard and C. Aaron Ballard, individually, and as parents, guardians, and next friends of C.D.B., a minor, shall be responsible for paying all liens, subrogation claims, liens, or interests, medical bills, costs, fees, expenses, and obligations relating to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case, including, but not limited to, those from or made by BlueCross BlueShield, any other subrogated insurance carrier, any healthcare provider or hospital, Medicare, Medicaid/TennCare, or any other governmental or private entity or insurer.

7. Pursuant to T.C.A. § 71-5-117 and applicable regulations, Plaintiffs' counsel shall notify the State of Tennessee and shall hold the settlement funds in trust pending a resolution of any claim that Medicaid/TennCare and the State of Tennessee may have pursuant to T.C.A. § 71-5-117 and applicable regulations.

8. The Court Orders, and the Plaintiffs agree, that Defendant MGP shall pay the confidential settlement amount to Sara Ballard and C. Aaron Ballard, in their capacity as the natural and legal guardians and parents of C.D.B., a minor, *in care of their counsel* Patrick, Beard, Schulman & Jacoway, P.C., and the settlement funds shall be deposited into Patrick, Beard, Schulman & Jacoway, P.C.'s Trust Account. The Court finds this to be in the best interest and welfare of the minor C.D.B.

9. The Court Orders, and the Plaintiffs agree, that once the confidential settlement amount has been deposited in Patrick, Beard, Schulman & Jacoway, P.C.'s Trust Account, MGP's obligations and liabilities concerning the payment of the confidential settlement amount shall be fully satisfied, released, and discharged. In addition, the Court Orders, and the Plaintiffs

23027_00/1101/CLM-1175888_11

agree, that MGP, Wockhardt USA, LLC, Wockhardt Limited, and all entities related thereto shall be fully released and forever discharged from any liability of any nature whatsoever that is in any way connected with or arising out of or which could arise out of those matters set forth in the Amended Complaint to C.D.B., a minor; to Sara Ballard, individually and as parent, guardian and next friend of C.D.B., a minor; to C. Aaron Ballard, individually and as parent, guardian, and next friend of C.D.B., a minor; and to any other entity or party.

10.     Plaintiffs acknowledge and the Court finds that, consistent with this Order, MGP has already paid the confidential settlement amount, and it has been deposited into Patrick, Beard, Schulman & Jacoway, P.C.'s Trust Account.  The Court Orders, and the Plaintiffs agree, that MGP's obligations and liabilities concerning the payment of the confidential settlement amount are fully satisfied, released, and discharged.

11.     MGP, Wockhardt USA, LLC, Wockhardt Limited, and all entities related thereto are fully released and forever discharged from any liability of any nature whatsoever that is in any way connected with or arising out of or which could arise out of those matters set forth in the Amended Complaint to C.D.B., a minor; to Sara Ballard, individually and as parent, guardian and next friend of C.D.B., a minor; to C. Aaron Ballard, individually and as parent, guardian, and next friend of C.D.B., a minor; and to any other entity or party.

12.     Sara Ballard and C. Aaron Ballard, the parents and natural guardians of C.D.B., a minor, request that this Court waive the appointment of a Court appointed fiduciary, including, but not limited to, a Court appointed fiduciary to manage the settlement funds for the minor, C.D.B.  The Court has considered Sara Ballard's and C. Aaron Ballard's request and waives the appointment of a Court appointed fiduciary.  The Court finds that Sara Ballard and C. Aaron Ballard are the parents, next friends, and natural guardians of the minor, C.D.B.  The Court

23027_00/1101/CLM-1175888_11

further finds it is appropriate and in the best interest and welfare of the minor child to waive the appointment of a Court appointed fiduciary.

**13.** Patrick, Beard, Schulman & Jacoway, P.C. shall hold the settlement funds in its Trust Account until the resolution and payment of all liens, subrogation claims, liens, or interests, medical bills, or other costs, fees, expenses or obligations related to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case, including, but not limited to, those from or made by BlueCross BlueShield, any other subrogated insurance carrier, Medicare, the State of Tennessee Medicaid/TennCare program, any healthcare provider or hospital, or any other governmental or private entity, or insurer. Patrick, Beard, Schulman & Jacoway, P.C. shall pay from the settlement funds all such liens, subrogation claims, interests, or liens, medical bills, or other costs, fees, expenses or obligations. The Court finds this to be fair and reasonable and in the best interest and welfare of the minor, C.D.B., and confirms, approves, and orders the same.

**14.** The Court Orders that <u>after</u> all liens, subrogation claims, interests, and liens, medical bills, or other costs, fees, expenses or obligations related to the injuries, damages, or claims that are alleged to arise out of or are in any way connected with the occurrence at issue in this case have been fully satisfied and paid from the settlement funds, Patrick, Beard, Schulman & Jacoway, P.C. shall distribute from its Trust Account the net settlement proceeds to Sara Ballard and C. Aaron Ballard, in their capacity as the natural and legal guardians and parents of the minor, C.D.B., on behalf of and for the benefit of C.D.B. and subject to the following terms and restrictions: The Court Orders that the net settlement proceeds <u>shall</u> be immediately invested on behalf of and for the benefit of the minor, C.D.B., by Sara Ballard and C. Aaron Ballard, the natural and legal guardians and parents of C.D.B., a minor, in an interest bearing account at

SunTrust Bank, 1969 Northpoint Blvd. Hixson, TN 37343, an FDIC insured bank, and held there until the minor, C.D.B., reaches the age of eighteen (18) years.  At that time, the settlement proceeds originally deposited in the account at SunTrust Bank and all accrued interest shall be paid to C.D.B.

The Court finds the use and distribution of the settlement funds as set forth in this Order to be fair and reasonable and in the best interest and welfare of the minor C.D.B.  The Court confirms, approves, and orders the use and distribution of the settlement funds as set forth in this Order.

**15.** The parties will submit a separate order dismissing this case with prejudice.

**16.** Each party shall bear its own attorneys' fees and costs.

**ENTER:**

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

23027_00/1101/CLM-1175888_11

APPROVED FOR ENTRY:

PATRICK, BEARD, SCHULMAN & JACOWAY

By:  s/ Michael A. Anderson
      MICHAEL A. ANDERSON, TN BPR #12368
Market Court, Suite 202
537 Market Street
Chattanooga, TN  37402
P:  (423) 756-7117
F:  (423) 267-5032
Email: manderson@pbsjlaw.com
*Counsel for Plaintiffs*

By:  s/ Howard L. Upchurch by MAA with express permission
      HOWARD L. UPCHURCH, BPR NO. 10145
Attorney for Plaintiffs
P.O. Box 381
Pikeville, TN 37367
(423) 447 2903
*Counsel for Plaintiffs*

CHAMBLISS, BAHNER & STOPHEL, P.C.

By:  s/Christina L. Mack by MAA with express permission
      CHRISTINA L. MACK, TN BPR #023433
1000 Tallan Building, Two Union Square
Chattanooga, Tennessee  37402
P:  (423) 757-0212
F:  (423) 508-1212
Email:  cmack@cbslawfirm.com

23027_00/1101/CLM-1175888_11

and

Robert E. O'Malley, *Admitted Pro Hac Vice*
C. Murray Harris, *Admitted Pro Hac Vice*
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive
Sears Tower – Suite 5500
Chicago, Illinois 60606
Telephone: (312) 645-7800
Facsimile: (312) 645-7711
*Counsel for Defendant Morton Grove Pharmaceuticals, Inc.*

23027_00/1101/CLM-1175888_11